Randlett vs. Gordy, Sheriff, et al.

No. 1080.

CATHERINE E. RANDLETT ET AL. VS. M. T. GORDY, SHERIFF, ET AL.

Minors are not bound for debts contracted by their tutors, even under the authority of the
Probate Court and advice of family meetings, when they arise from purchases made for
them on credit and which their means did not justify. They are only bound by invest-
ments made by their tutors of the surplus of their revenues, after providing for their
maintenance, education or support.   Neither the letter nor the spirit of our laws authori-
zes the involving of minors in speculative purchases.
A confession of judgment will not be avoided and annulled on account of an error of law.

APPEAL from the Nineteenth Judicial District Court, parish of St.
Mary.   *Goode,* J.

D. Caffery for Plaintiffs and Appellees :

First—Where it is shown that minors have no available means, a pur-
chase on credit by their tutor, though sanctioned by a family meet-
ing, whose proceedings are duly homologated, will not bind them.
11 An. 247 ; 5 Rob. 287 ; 4 An. 85.

Second—A tutor is without authority, by a confession of judgment for
and in the name of his wards, to give any force to a transaction not
authorized by law.

Third—When one is sued as a minor, though she is of age when suit is
brought, her consent that judgment be rendered as prayed for, and
it is prayed for against her tutor, is not a judicial confession of a
debt, and is avoidable for error of law.

Fourth—When one thus sued, and consenting to such a judgment, al-
leges error of law and fact, relief will be granted on both grounds.

Rob't S. Perry for Defendants and Appellants :

First—A minor being a co-proprietor of a sugar plantation under cul-
tivation, and so inherited from his mother, his whole capital being
invested therein, his co-owner's share being leased, and the co-owner
not being interested in the cultivation, can a valid purchase for the
minor, through the tutor of the co-owner's interest, be made to
avoid a disastrous judicial sale to effect a partition threatened by
such co-owner, on reasonable terms of credit, the annual installments
of which are but comparatively more than the annual rent to that
day paid, on the recommendation of a family meeting and authority
of court?

Second—A judicial confession of a debt cannot be avoided on ground
of error of law.

Third—In alternative, if such a sale be declared null, the vendee can
recover a reasonable amount for use of his property during the time

it was in possession of the tutor and used for the benefit of the minor.

N. B.   Catherine M. appears to have been sometimes called Catherine E.

The opinion of the Court was delivered by

LEVY, J.   This is an appeal from a judgment of the District Court of the parish of St. Mary perpetuating an injunction prohibiting the sale of certain property seized under an execution under a judgment against the appellees rendered in suit No. 6984 in said District Court, annulling the judgment in said suit and the sale of 29th January, 1872, from Mrs. Frances Barnes to Samuel L. Randlett, tutor of his minor children.

The facts disclosed in the record are these: The minors, Catherine, Eleonora, Alice, Samuel, and Warren Randlett, were owners of the undivided half of a plantation in the parish of St. Mary, inherited by them from their deceased mother; the other undivided half belonged to Mrs. Frances Barnes.   Acting under the authority of an order of court homologating the proceedings of a family meeting which recommended the purchase of Mrs. Barnes' half of the plantation, they became the purchasers of Mrs. Barnes' half-interest by act of sale of 29th January, 1872, for the price of ten thousand dollars, of which purchase price one thousand dollars payable on 1st March, 1872, $1500 on 1st March, 1873, and the balance of $7500 in four equal installments of $1875, each, falling due respectively on 1st of March, 1874, 1875, 1876, and 1877, and bearing eight per cent per annum interest from the 1st of March, 1872.   Six promissory notes were given by the tutor for the several sums.   To secure the purchase price vendor's privilege was retained and special mortgage granted on the property sold.   The first payment of $1000 was made by the tutor, who borrowed the amount for that purpose; none of the other notes were paid; and the vendor instituted suit, and obtained judgment on 23d April, 1875, on the notes overdue, and the property was seized under execution to satisfy by sale for cash to the extent of the overdue notes, and on credit terms corresponding with the maturity of the notes not then due.   This suit was brought against Samuel L. Randlett, natural tutor of the minors Catherine M., Eleonora V., Alice, Samuel L., and Warren L. Randlett.   There was acceptance of service of the petition, waiver of citation, and confession of judgment by the tutor, in these written words: "I confess judgment as therein prayed for, having no defense to make to the demand."   The following acceptance and confession was signed by Catherine E. Randlett: "I, Catherine M. Randlett, having reached the age of majority, hereby accept service of the foregoing petition, and waive citation, and consent that the judgment therein prayed for be rendered."   The judgment is against Catherine M. Randlett and the tutor representing the

minors Eleonora, Alice, Samuel, and Warren, jointly, for the amount claimed in the petition, and sets forth : " By reason of the written confession of judgment of Samuel L. Randlett, natural tutor of Eleonora V., Alice, Samuel L., and Warren L. Randlett, and by reason of the written consent judgment of Miss Catherine M. Randlett, and the law and evidence being, furthermore, in favor of plaintiff and against the defendant, it is ordered, adjudged, and decreed," etc. In their injunction the appellees aver that the judgment rendered in suit No. 6984 against them " is absolutely null and void; that the law does not permit tutors, whether acting under the authority of a family meeting or not, to imperil the inheritance of their wards by disastrous speculations in sugar culture ;" they aver, also, that " the sale of the undivided half to them is null and void, and the amount, $1000, paid out of their funds on account of said sale, should be refunded, and the property returned to Mrs. Barnes."

Defendants, in their answer, allege that the sale of 29th January, 1879, was made pursuant to the requirements of and is binding in law ; that the judgment in suit No. 6984 was rendered after due trial and upon due proof, and is of full legal force and effect against the minors and against Catherine E. Randlett, who was of age at the time she confessed judgment and at the time judgment was rendered against her. The plea of prescription is also made as against the action to annul the judgment and sale. They also demand, *in solido* against plaintiff in injunction, in reconvention, $600 damages for the wrongful injunction, and $1000 as further special damages ; they deny that there was error in law or in fact on the part of Miss Catherine E. Randlett in her confession of judgment. In an amended answer they claim that the sale from Mrs. Barnes to the tutor of minors was for the minors' interest ; and that the use of the undivided half of the plantation by plaintiffs in injunction is worth the sum of $1200 per annum, and that if the Court decides that the sale and judgment are null and void Mrs. Barnes is entitled to recover a yearly sum of that amount from the plaintiffs from 1st of January, 1872, to 1st January, 1881, making a total of $10,800. It is proven that the undivided half of the plantation inherited from their deceased mother constituted all the property and means of the minors, and that it barely sufficed for their maintenance and support. The jurisprudence of this State, settled by decisions of this Court, has fully established the doctrine that minors' estates cannot be burdened by purchases made for them on credit. 11 An. 247; 5 Rob. 287 ; 4 An. 85. In the case of Darse vs. Leaumont, 5 Rob. 287, the Court decided to the effect that a minor is not bound by a purchase which, though ratified by a family meeting whose deliberations are homologated, exceeds his available means, and instead of being an investment, is a speculation which may

involve him in debt and difficulty. In Williams vs. Chotard, 11 An. 247, it is enunciated that art. 348, C. C., authorizing purchases for the minor under restrictions to guard against an injudicious investment, must be construed with arts. 341-3. Our whole system of administration of minors' estates is opposed to an anticipation of their means only purchases on credits.

In 31 An. 1131, Guerin vs. Corlin, the Court said : "Even when the forms of law have been complied with, courts will look behind them to protect minors from loss in matters of contract, C. C. 1866 and 1867. Those who deal with minors must, at their peril, be prepared to vindicate the *bona fides* and justice of their demands." The reasons for the rule in regard to the right of the wife to invest by the acquisition of property beyond her means, may, we think, be well applied to minors, and is to a great extent analogous, as married women, not separate in property, and minors, are both persons not under their own control. In regard to the former, this Court held in Bouligny vs. Fortier, 16 An. 214 : "We have searched in vain in our reports for a case where the right of a wife to invest beyond her means was sanctioned by this Court, but we have, on the contrary, found numerous decisions either setting aside conveyances made to the wife on her failure to show adequate means, or maintaining similar conveyance by reason of such adequate means."

We are therefore of opinion that minors are not bound for debts contracted by their tutors, even when acting under the advice of homologated family meetings, where they arise from purchases or investments made on credit, and where the means of the minors do not justify the contraction of such debts, or where such investments are not of the surplus of their revenues not required for their maintenance, education or support. Such involvement of minors is not authorized by the letter, or spirit of our laws, and should be treated as dangerous speculations, actually prohibited rather than encouraged, the authority to enter into and subsequent ratification of which, by the members of a family meeting, are *ultra vires*.

The question as to the binding effect or nullity of the judgment against Miss Catherine E. Randlett, based upon the written consent or (as it is claimed) confession of judgment made by her in the suit No. 6984 is next to be considered.

The appellee, Miss Randlett, alleges that " she signed the confession of judgment *in error of law and fact;*" appellants " deny that there was error either of *law or fact*, and they conclude that had there been the same, it cannot be a good reason for setting aside and defeating her confession of judgment." With this conclusion and deduction of the appellants we do not agree. An error of fact will avoid consent and annul a contract, if such error is of the character described in the Code

as for instance in arts. 1820–3, C. C. In this case, the existence or non-existence of the error which would annul or avoid the confession of judgment must be ascertained by the evidence in the record. Art. 1846, C. C., reads: "A judicial confession of a debt shall not be avoided by an allegation of an error of law, though it may be by showing an error of fact." Was her confession of judgment made in error of law or of fact? In her amended petition she alleges that "when she signed the confession of judgment," etc., and "that this error of law and fact was the sole motion that caused her to sign the aforesaid confessed judgment;" that "she did so in ignorance of her rights, and was then induced to believe she was bound by the purchase of the property by her tutor and father." In her testimony she says: "When I signed the confession of judgment, I did it through ignorance; when I signed the confession my motive was that I thought I was bound by the notes signed by my father." Again she says: "The petition was presented to me by my father for my signature to the confession of judgment. I did not know the full import of the document I signed. I knew it was a confession of judgment." Thus we have her distinct admissions and acknowledgments that she knew and intended that what she signed was a confession of judgment. We think this formed a judicial confession of a debt contemplated in art. 1846, C. C. The technical distinction contended for by counsel of appellee in his brief does not in our opinion destroy the admissions and acknowledgments just mentioned. The suit was against the tutor who represented the minors, and was really against them. It is true she was erroneously included among the minors, but she corrected this error by voluntarily making herself a party to the suit, declaring that she who had been thus erroneously made a party had reached her majority, and voluntarily assumed, as a major, the character of defendant in the action. She evidently made the confession in error of her legal rights, and there was "error of law." Her statement that she "was then induced to believe that she was bound by the purchase of the property by her father and tutor," is too vague, wholly unsupported as it is by any evidence whatever as to what the inducement was to establish an error of fact, such as false representations, deceitful circumstances, etc. The tenderness of the law in regard to minors cannot be successfully invoked for the protection of majors, who, unless disqualified by interdiction, or who are not under their own control, cannot set aside their solemn acts, and relieve themselves from their consequences. *Ignorantia legis neminem excusat.*

The sale being validated as to Miss Randlett, the re-imbursement of her proportion of the $1000 paid on account of the purchase price should not be allowed. The testimony, however, satisfies us that this is

Randlett vs. Gordy, Sheriff, et al.

a just compensation for the rents claimed by appellants, and their re-conventional demand is therefore disallowed.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be amended in so far as it decrees the nullity of the judgment rendered in suit No. 6984, District Court of the parish of St. Mary, and the nullity of the sale of 29th January, 1872, from Mrs. Frances Barnes to Samuel L. Randlett, tutor, and the perpetuation of the injunction, as to Catherine E. Randlett, and in these respects it be reversed; and that as to Catherine E. Randlett the injunction be dissolved, and the appellees have the right to sell her undivided fifth interest in the property seized, and in all other respects, the said judgment of the lower court be affirmed, and that the appellee, Catherine E. Randlett, do pay one fifth, and the appellants four fifths of the costs of both courts.